WALKER W. PERRY, *et al.*

*v.*

THE TWENTIETH STREET BANK, *a banking corporation, as Trustee, etc., et al.*

(No. 13304)

Decided March 5, 1974.

Rehearing Denied July 12, 1974.

*W. Merton Prunty* for appellants.

No appearance for appellees.

CAPLAN, CHIEF JUSTICE:

In a civil action instituted in the Circuit Court of Cabell County the plaintiffs sought a declaratory judgment, the purpose of which was to construe a certain clause of the will of Lillian Perry. Therein they prayed that said clause be declared invalid as being in violation of the rule against perpetuities. The defendant, The Twentieth Street Bank, a banking corporation, as trustee under the will and as executor thereof, filed an answer to the petition wherein it asserted that the trust set up by the questioned will provision did not violate the rule against perpetuities but that such trust was established pursuant to the provisions of Code, 1931, 35-5-6, as amended.

Thereupon, the plaintiffs filed a motion for judgment on the pleadings which motion was argued in open court and sustained. Upon the entry of a final order entering judgment for the plaintiffs the defendant prosecuted this appeal.

Lillian Perry, who departed this life on June 20, 1971, disposed of her estate by her last will and testament, Paragraph Eighth of which gives rise to this proceeding. Inasmuch as the entire controversy revolves around that provision of said will it is quoted in full as follows:

> "All the rest, residue and remainder of my estate I give, bequeath and devise unto THE TWENTIETH STREET BANK, of Huntington, Cabell County, West Virginia, as TRUSTEE, IN TRUST, to invest in savings accounts and time deposits of a bank (including itself) or trust company, shares of savings and loan associations, or securities, including shares or participations in a common trust fund, as deemed prudent by said TRUSTEE, for the establishment of a Flower Fund for the decoration with flowers of the graves of my father, JOHN DAVID PERRY, my mother, ADA PERRY, and myself, at the Ridgelawn Cemetery, in Huntington, Cabell County, West Virginia, and to expend and apply the net income for flowers to be placed upon said graves each and every Easter

Day, Memorial Day, Father's Day, Mother's Day, Christmas Day, and a day in October, and at any other time deemed suitable and proper by the TRUSTEE if net income is sufficiently available from said Flower Fund. The flowers so purchased are to be purchased from ARCHER'S FLOWERS, INC., or its successor, as long as it, or its successor, continues in the flower business."

The following plaintiffs constitute all of the heirs at law of Lillian Perry: Walker W. Perry, Otis V. Perry, Oval F. Perry, Odell Perry, Charles C. Perry, brothers of Lillian; Mattie May Perry, widow of Arnold Perry, deceased brother of Lillian; and Cedric U. Perry, Margie E. Browning, Harold E. Perry, Florabell Morris, Marshall M. Perry, Rosemary Stoler, children of Otho Perry, deceased brother of Lillian. In their petition for a declaratory judgment the said plaintiffs allege "that said clause above quoted is invalid and incapable of being placed in effect in accord with the expressed wishes and desires of the deceased in that it violates the rule against perpetuities * * *." As aforesaid, the defendant bank in its answer denied that said Clause Eighth violates the rule against perpetuities and further asserts that the trust created by the testator in Clause Eighth is expressly permitted by Code, 1931, 35-5-6, as amended. Ruling on the plaintiffs' motion for judgment on the pleadings the court held "that Paragraph Eighth of the will of Lillian Perry establishes a private trust and violates the rule against perpetuities". It was therefore ordered that the residue of the estate be distributed as though Lillian Perry died intestate. The sole question presented for decision is whether the subject clause of Lillian Perry's will violates the rule against perpetuities.

Most significant to the consideration of this case is Code, 1931, 35-5-6, as amended, the pertinent part of which reads as follows:

"Express trusts may hereafter be created for the perpetual care, preservation, maintenance,

improvement and/or embellishment of any cemetery or burial lot, public or private, and of the appurtenances of any such lot, including the erection, repair, preservation, and/or removal of mausoleums, tombs, monuments, gravestones, fences, railings, walks, and/or other structure or structures thereon, and the planting, trimming, watering and/or removing of any tree, shrub or other plant or plants thereon. Any such trust heretofore created shall be valid."

The language of the above statute being clear and unambiguous, we discern no need for construction thereof. It in plain language provides for "the perpetual care, preservation, maintenance, improvement and/or embellishment of any cemetery or burial lot, public or private". The legislature has expressed its intent to permit the perpetual embellishment of any cemetery lot and to provide therefor by the expenditure of funds from a testamentary trust.

It appears quite clear that the language of such trust standing alone is in violation of the common law rule against perpetuities. It is equally clear, however, that by the language used the legislature in Code, 1931, 35-5-6, as amended, intended to abrogate that common law rule. It is well established that so long as no constitutional inhibition appears the legislature may abrogate the common law. See Article VIII, Section 21, West Virginia Constitution; Code, 1931, 2-1-1; *Cunningham v. The County Court of Wood County,* 148 W.Va. 303, 134 S.E.2d 725 (1964); *Seagraves v. Legg,* 147 W.Va. 331, 127 S.E.2d 605 (1962); *State v. Arbogast,* 133 W.Va. 672, 57 S.E.2d 715 (1950). RESTATEMENT, TRUST 2d § 124, comment (f) (1959). The rationale for the passage of such statute is expressed as follows in Bogert, *Trusts and Trustees,* § 377: "Evidently the feeling has been that respect for the dead is a sentiment desirable of cultivation in a civilized community, that the living will live better lives if their ancestors, other relatives and their friends are decently buried, their resting place marked, and their memories kept green by care and ornamentation of the graves and monuments". Such statutes have been liberally and broadly construed

to carry out the intent and desire of the testator. *Rhode Island Hospital Trust Company v. Proprietors of Swan Point Cemetery,* 62 R.I. 83, 3 A.2d 236 (1938).

Upon thorough consideration of the language of Paragraph Eighth of the will of Lillian Perry and of the wording of the above statute, we are of the opinion that the language of the latter is broad enough to cover the testamentary trust provision to place flowers on the graves as therein directed. Thus, the statute repudiates the rule against perpetuities. See *McClarnon v. Stage,* 215 Ind. 157, 19 N.E.2d 252 (1939).

In view of the foregoing we are of the opinion that the testamentary trust established by Paragraph Eighth of Lillian Perry's will is valid. The judgment of the Circuit Court of Cabell County is therefore reversed and the case is remanded with directions that judgment be entered for the defendant.

*Judgment reversed and remanded.*