Henry P. SCHRENKER, Paul O'Neill, as members of the Madison County Election Board, Thomas Newman, Clerk of Madison County, and ex officio member of the Madison County Election Board, Appellants (Plaintiffs below),

v.

William R. CLIFFORD, Appellee (Defendant below).

No. 379S78.

Supreme Court of Indiana.*

March 27, 1979.

Rehearing Denied June 5, 1979.

David W. Stone, IV, Al S. Woolbert, Anderson, for appellants.

Stephen D. Clase, Anderson, for appellee.

HUNTER, Justice.

This is an appeal from a judgment granting injunctive relief and determining the correct interpretation of two Indiana statutes governing absent voter ballots, Ind. Code §§ 3–1–22–3 and 3–1–22–5 (Burns 1972). The case began as an action brought by the Honorable William Clifford in the Madison Circuit Court seeking a declaration and injunction enjoining the Madison County Election Board from mailing absent voter ballots to addresses within Madison County. Clifford was running for reelection in the November, 1978, election and alleged that he was being harmed by this practice of the Election Board and that it was contrary to law.

The facts were stipulated by both parties, and it was agreed that the Board, in the past, had mailed absent voter ballots to

* This Court has jurisdiction on this petition to transfer pursuant to Ind.R.App.P. 4(A)(10).

applicants at their addresses within Madison County when the applicants had sworn they would be outside of the county on election day. Special Judge, Wesley W. Ratliff, Jr., granted Clifford's request and enjoined the Board from mailing absent voter ballots to voters' addresses within Madison County. The judge relied in his ruling upon Ind.Code § 3–1–22–5 (Burns 1972), enacted in 1965, which provides that election boards may mail absent voter ballots only to addresses outside the county of the applicant's residence.

The petitioners, Henry Schrenker, Thomas Newman, and Paul O'Neill, as members of the Madison County Election Board, have appealed this ruling on the basis that Ind. Code § 3–1–22–3 (Burns 1972), enacted in 1969, has repealed the other statute by implication since it provides in part that all electors entitled to vote by absent voter's ballot "shall be entitled to vote by mail." This latter statute also sets out the form for applying for an absent voter's ballot and deletes from this form a provision which stated that applicants for absent voter ballots were not entitled to have ballots sent to them by mail at addresses within their county of residence. The petitioners contend that the two statutes are in conflict and that the latter statute must be taken as controlling.

We grant transfer and turn to a closer examination of the statutes involved. Ind. Code § 3–1–22–5 (Burns 1972) was enacted in its present form in 1965, and states:

"Upon receipt of an application by an elector entitled to vote absent voter's ballots by mail the county election board shall mail the official ballots postage fully prepaid, *to the address named in the application outside of the county of his residence, on the day of the receipt of such application.* Before mailing any ballot, the clerk shall affix his official seal and place his signature near the lower left hand corner on the back thereof leaving sufficient space on the margin of such ballot for the initials of the poll clerks." (Emphasis added.)

Ind.Code § 3–1–22–3 (Burns 1972) was amended in 1969, and states in pertinent part:

"All electors entitled to vote by absent voter's ballots shall be entitled to vote by mail except electors entitled to vote by absent voter's ballot because of illness or injury and within the county on primary election or election day shall be required to vote before an absent voter's board."

■ We first must note that in construing these statutes, this Court is bound by several well settled rules of statutory construction. Where there are two statutes on the same subject, they should be construed together so as to harmonize and give effect to each, if possible, because they are in pari materia. *New York Central R. Co. v. Public Service Commission of Indiana,* (1958) 237 Ind. 544, 147 N.E.2d 547; *Wayne Township v. Lutheran Hospital,* (1974) 160 Ind.App. 427, 312 N.E.2d 120. There is a presumption that the legislature in enacting a particular piece of legislation has in mind existing statutes on the same subject. *Morgan County R. E. M. C. Corp. v. Indianapolis Power & Light Co.,* (1973) 261 Ind. 323, 302 N.E.2d 776; 2A C. Sands, *Sutherland Statutory Construction* § 51.02 (4th ed. 1973).

■ The earlier statute, Ind.Code § 3–1–22–5 (Burns 1972) is a clearly stated and unambiguous rule that absent voter ballots are *only* to be mailed to addresses outside of the county of the applicant's residence. This is a regulation governing Indiana elections which is within the prerogative of the General Assembly to establish. Other such regulations include residency and age requirements. Such requirements have been upheld as proper restrictions to avoid fraud and to insure that the voters of an area have a valid interest in the outcome of a local election.

■ The 1969 statute does not expressly repeal the 1965 regulation covering addresses to which absent voter ballots must be mailed. The repeal of statutes by implication is not a favored result under Indiana law. Such repeal will only occur if it is clear that the statutes are so inconsistent

that it must be assumed the General Assembly did not intend that both remain in force. *Schnee v. State*, (1970) 254 Ind. 661, 262 N.E.2d 186.

We do not see any inconsistency in the two statutes in the instant case. Ind.Code § 3–1–22–5 (Burns 1972) specifically authorizes the mailing of an absent voter ballot only to an address outside the voter's county of residence, and any other provisions relating to voting by mail must be understood to include that restriction in the same way all provisions relating to qualified voters are understood to include age and residency restrictions.[1]

As Clifford points out, there are valid reasons for the requirement of an out-of-county address, and this requirement does not deprive anyone of the right to vote. Any voter who thinks he will be out of the county on election day, and does not have an out-of-county mailing address, may vote his absent voter ballot at the county clerk's office before an absent voter board. Ind. Code § 3–1–22–21 (Burns 1972). Although this procedure may be inconvenient for some, it is important in our system of government to mitigate as much as possible the chances of fraud in an election. One method of doing this is to be sure that representatives of both major parties are present when any ballots are voted and to require that any absent voter ballot is mailed to an out-of-county address where there is less chance of any undue influence by local party officials when the ballot is voted.

Since Ind.Code § 3–1–22–3 (Burns 1972) does not expressly repeal Ind.Code § 3–1–22–5 (Burns 1972) and since both statutes can be construed so as to harmonize and give effect to each, we hold that the trial court's order and ruling were proper and that an absent voter ballot may not be mailed to a voter at an address within the county in which he resides.

Petitioners also contend that there was not sufficient evidence of harm presented to the trial court to support the issuance of a permanent injunction. However, since the facts stipulated by both parties showed that a valid Indiana statute was being violated, equity may enjoin such continued wrongful activity and the nonexistence of provable damages does not prevent the granting of an injunction. *Schmidt Enterprises, Inc. v. State* (1976) Ind.App., 354 N.E.2d 247; *Hickey v. Hickey*, (1973) 156 Ind.App. 610, 298 N.E.2d 29; *Lynch v. Keck*, (1970) 147 Ind.App. 570, 263 N.E.2d 176.

We now grant transfer and the judgment of the trial court in issuing the permanent injunction should in all respects be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.

---

1. *Accord*, 1977 Opinions of Att'y.Gen.No. 3.