Todd E. FREEMAN, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 02S03–9511–CR–1307.

Supreme Court of Indiana.

Nov. 22, 1995.

Gregory L. Fumarolo, Fort Wayne, for Appellant.

Pamela Carter, Attorney General of Indiana, Louis E. Ransdell, Deputy Attorney General, Indianapolis, for Appellee.

SHEPARD, Chief Justice.

Appellant Todd E. Freeman was convicted of operating a vehicle while intoxicated. His offense normally would have been a class A misdemeanor, but the trial court enhanced it to a class D felony based on his prior similar convictions. The court enhanced his sentence a second time after adjudging him a habitual substance offender. He claims this was error. We agree.

### I. Statement of Facts

In December 1989 the police arrested Freeman for driving his automobile while intoxicated. The State charged Freeman in a single count, with three contentions. First, the State alleged that Freeman operated his vehicle while intoxicated, Ind.Code Ann. § 9–

11-2-2 (West Supp.1988),[1] a class A misdemeanor. Second, the State alleged Freeman's offense should be enhanced to a class D felony because he had previously been convicted of operating a vehicle while intoxicated, citing Ind.Code Ann. § 9–11–2–3 (West Supp.1988).[2] Third, the State asserted Freeman was a habitual substance offender in violation of Ind.Code Ann. § 35–50–2–10 (West Supp.1994).[3]

Freeman subsequently entered into a plea agreement under which he pled guilty to operating a vehicle while intoxicated as a class D felony. In exchange the State agreed to a sentence of three years, with two years suspended. It also agreed to defer conditionally any proceedings on the habitual substance offender charge for four years, during which Freeman was to complete an alcohol abuse program. The court approved this agreement and entered judgment in accordance with it. The court also suspended Freeman's driving privileges for one year.

In July 1993, the court revoked Freeman's probation after he violated its terms. Accordingly, the court ordered the original three year sentence to be served and resumed proceedings on the habitual offender claim. After finding Freeman to be a habitual substance offender, the court enhanced his sentence by one year.

Freeman appealed to the Court of Appeals, which affirmed his conviction but found the habitual substance offender enhancement was improper. *Freeman v. State* (1995), Ind. App., 647 N.E.2d 1134. We grant the State's petition for transfer.

We consolidate the issues as follows: (1) Whether the trial court erred in enhancing Freeman's sentence a second time after finding him a habitual substance offender[4] and (2) whether there was a factual basis for Freeman's guilty plea to the charge of operating a vehicle while intoxicated.

We hold that the trial court erred in enhancing Freeman's sentence on the grounds he was a habitual substance offender. We agree with the Court of Appeals on the second issue—that a factual basis did exist for Freeman's plea—and thus summarily affirm their determination. Ind.Appellate Rule 11(B)(3).

## II. Double Enhancement of Freeman's Penalty

Freeman claims the trial court twice enhanced his operating a vehicle while intoxicated ("O.W.I.") conviction: first, when it convicted him of the O.W.I. charge as a class D felony instead of a class A misdemeanor and, second, when it enhanced his sentence by adjudicating him a habitual substance offender. He contends the legislature did not intend the habitual substance offender enhancement to apply to O.W.I. convictions and alleges the second enhancement was therefore improper.[5] We agree.

### A. Overlapping Statutes

The General Assembly imposed a progressive punishment scheme for repeat offenses involving controlled substances when it enacted Ind.Code Ann. § 35–50–2–10 (West Supp.1994). A defendant who commits two unrelated substance offenses is subject to a sentence enhancement of up to eight years upon conviction for his third unrelated substance offense. *Id.* The statute broadly defines a "substance offense" as any "Class A misdemeanor or Class D felony involving the possession, use, abuse, delivery, transporta-

---

1. Recodified at Ind.Code Ann. § 9–30–5–2 (West 1992).

2. Recodified at Ind.Code Ann. § 9–30–5–3 (West 1992).

3. The State made this allegation based on Freeman's commission of the requisite predicate offenses. He was convicted of operating a vehicle while intoxicated in 1986 and 1988, both times as a class A misdemeanant.

4. Freeman also challenges the adequacy of the evidence supporting the habitual offender determination. Because we vacate that determination

on statutory grounds, we need not address this issue.

5. Freeman also alleges these enhancements violated myriad constitutional provisions. Because we dispose of this issue on statutory grounds and because he presents no cogent argument on these claims, we need not address them. *Superior Constr. Co. v. Carr* (1990), Ind., 564 N.E.2d 281, 284 ("[W]e do not decide cases upon constitutional grounds when they can be decided upon other grounds."); Ind.Appellate Rule 8.3(A)(7).

tion, or manufacture of alcohol or drugs." *Id.* Based on the plain language of this statute, one who commits three unrelated substance offenses, such as operating a vehicle while intoxicated, is a habitual substance offender whose sentence the court may enhance. *Id.*

The habitual substance offender statute is not, however, the only code section in which the legislature prescribes progressive punishment. The General Assembly created a scheme with a similar result for defendants convicted of operating a vehicle while intoxicated. Ind.Code Ann. ch. 9–11–2 (West Supp.1988).[6] This chapter provides that one who is convicted of operating a vehicle while intoxicated, and then is convicted again within five years, is guilty of a class D felony. *Id.* Without Section 9–11–2–3, a defendant would be convicted of a mere class A misdemeanor for both his first and subsequent offenses.[7] Ind.Code Ann. § 9–11–2–3 (West Supp.1988).

As the language of Section 35–50–2–10 and Chapter 9–11–2 reveals, a person convicted of repeat offenses may be subject to the progressively severe punishments of both statutes. The question is whether the legislature intended such a result.

### B. Legislative Intent

■ We have long held that when construing a statute, our primary goal is to determine and effect legislative intent. *Park 100 Dev. Co. v. Indiana Dep't of State Rev.* (1981), Ind., 429 N.E.2d 220, 222 ("[T]he foremost objective of the rules of statutory construction is to determine and effect the true intent of the legislature."); *State v. Gilbert* (1966), 247 Ind. 544, 219 N.E.2d 892 (court must determine legislative intent in construing statutes). Moreover, where two statutes address the same subject, they are in *pari materia,* and we strive to harmonize

them where possible. *Schrenker v. Clifford* (1979), 270 Ind. 525, 387 N.E.2d 59.

■ The legislature is presumed to have existing statutes in mind when it adopts a new law. *See, e.g., McClarnon v. Stage* (1939), 215 Ind. 157, 19 N.E.2d 252. When the statutes cannot be harmonized, however, and the legislature dealt with a subject in a detailed manner in one statute and in a general manner in the other, the detailed statute will supersede the general one. *Sanders v. State* (1984), Ind., 466 N.E.2d 424.

■ The two statutes at issue are difficult to harmonize. Both constitute a progressive scheme of justice which attaches at the defendant's first O.W.I. conviction. Construing these statutes somehow to operate consecutively would eliminate each statute's language pertaining to its starting point—the first conviction. Construing them as running concurrently negates the enhancement effect of the conviction with the shorter sentence. We therefore turn to the question of which enhancement the legislature intended courts to employ for O.W.I. repeaters.

### C. Which Enhancement is Proper?

Chapter 9–11–2 provides progressively severe penalties for defendants who are repeatedly convicted of operating a vehicle while intoxicated. It covers two kinds of violations: (1) operating with less than .10% blood alcohol content or with blood containing a schedule I or II controlled substance, a class C misdemeanor, and (2) operating while intoxicated, a class A misdemeanor. Ind. Code Ann. §§ 9–11–2–1 to –2 (West Supp. 1988).[8] The penalties for these offenses become progressively more severe when committed within five years, § 9–11–2–3 (West Supp.1988),[9] when resulting in serious bodily injury, § 9–11–2–4 (West Supp.1988),[10] and when resulting in death, § 9–11–2–5 (West

---

**6.** Recodified at Ind.Code Ann., ch. 9–30–5 (West 1992).

**7.** Should the defendant be convicted of three times within ten years, he would be subject to increasingly serious penalties as a "habitual violator." Ind.Code Ann. § 9–30–10–4 (West 1992). *See* discussion in Part C, *infra.*

**8.** Recodified at Ind.Code Ann. §§ 9–30–5–1 to –2 (West 1992).

**9.** Recodified at Ind.Code Ann. § 9–30–5–3 (West 1992).

**10.** Recodified at Ind.Code Ann. § 9–30–5–4 (West 1992).

Supp.1988).[11] Punishment for repeated or aggravated violations is obviously worse than those for first-time violations, with the most severe penalty being imposed for the worst offense (class C felony for operation of a vehicle while intoxicated causing death).

Not only does Chapter 9–11–2 include this detailed system of progressive punishment for O.W.I.'s based on frequency and severity, but it is also part of a greater scheme of progressive punishment for offenses involving motor vehicles. *See* Ind.Code Ann. § 9–12–1–4 (West Supp.1988).[12] Repeated violations of Chapter 9–11–2 that fall within the short, statutorily defined periods designated in Section 9–12–1–4 subject a defendant to sentence enhancement as a "habitual violator." *Id.* Once adjudicated a "habitual violator" the court may enhance the defendant's sentence even more severely. Obviously, the legislature intended this framework to impose gradual punishment in direct proportion to the offenses.

In contrast, the habitual substance offender statute broadly defines the activities triggering enhancement as any "Class A misdemeanor or a felony in which the possession, use, abuse, delivery, transportation, or manufacture of alcohol or drugs is a material element of the crime." § 35–50–2–10(a). A court may enhance a defendant's sentence by up to eight years under this statute where he commits three unrelated substance offenses. *Id.* The statute does not provide any further progressive punishments, regardless of the frequency or severity of the offenses, so long as the offense is a class A misdemeanor or greater.

The two punishment schemes at issue in this action are markedly different. Chapter 9–11–2 delineates the specific combination of alcohol and operating a vehicle required for conviction, as well as the particular time frame within which it must occur. By contrast, Section 30–50–2–10 broadly defines the substances and activity which triggers the

habitual substance offender enhancement, and does not contain progressive punishments based on the frequency or severity. Moreover, this offense is not part of a larger scheme of progressive punishment.

Ultimately, our analysis of the two statutory schemes reveals Chapter 9–11–2 as the more detailed and specific; Section 35–50–10–2 remains a general prohibition on repeat offenses regardless of the activity or controlled substance involved. The former therefore supersedes the latter. *See Sanders*, 466 N.E.2d at 428 (employing statute specifically defining defenses to crime's required mens rea, rather than statute dealing with culpability in general terms). Chapter 9–11–2 is thus the only enhancement to which Freeman should have been subject.

Our conclusion on this point is consistent with our treatment of a nearly identical question in *Stanek v. State* (1992), Ind., 603 N.E.2d 152. In *Stanek* we held former Article 12 of the Motor Vehicles title,[13] which prohibited various traffic offenses, to be a habitual offender statute because it provided "increasingly serious penalties for those it define[d] as habitual violators of traffic laws." *Id.* at 153. Acknowledging that the language of Article 12 and the general habitual offender statute[14] permitted a court to twice enhance Stanek's sentence, we concluded that the legislature did not intend such a result. Rather, because Article 12 was a "discreet, separate, and independent habitual offender statute," this Court held the legislature intended that only Article 12 be used to enhance Stanek's sentence. *Id.* at 153–54.

We see the same sort of relationship in the statutes before us today. Because Chapter 9–11–2 is the statute that specifically regulates punishment for convictions, it supersedes Section 35–50–2–10.

### III. Conclusion

We reverse Freeman's habitual substance offender enhancement. The trial court's decision is affirmed in all other respects.

11. Recodified at Ind.Code Ann. § 9–30–5–5 (West 1992).

12. Recodified at Ind.Code Ann. § 9–30–10–4 (West Supp.1994).

13. Ind.Code Ann., art. 9–12 (West Supp.1988) (recodified at Ind.Code Ann., art. 9–30 (West 1992)).

14. Ind.Code Ann. § 35–50–2–8 (West Supp. 1994).

DeBRULER, DICKSON and SELBY, JJ., concur.

SULLIVAN, J., dissents with separate opinion.

## ON PETITION TO TRANSFER

SULLIVAN, Justice, dissenting.

I dissent from the majority's opinion in this case for the reasons set forth in my dissenting opinion in *Devore v. State* (1995), Ind., 657 N.E.2d 740. I would adopt the analysis of this case set forth in Judge Najam's opinion in *Devore v. State* (1995), Ind. App., 650 N.E.2d 37, 41–43, *vacated by Devore v. State* (1995), Ind., 657 N.E.2d 740.