**Anthony R. WILLIAMS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A05–9509–CR–381.**

Court of Appeals of Indiana.

Jan. 31, 1997.

Kurt A. Young, Nashville, for Appellant–Defendant.

Pamela Carter, Attorney General of Indiana, Andrew L. Hedges, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

SHARPNACK, Chief Judge.

Anthony R. Williams appeals his sentence for auto theft, a class C felony, and being an habitual offender. Williams raises two issues for our review which we restate as:

(1) whether the trial court erroneously enhanced his sentence twice based on the same underlying felony; and

(2) whether the sentence is manifestly unreasonable because the trial court de-

clined to consider mitigating circumstances offered by Williams.

We affirm.

The facts most favorable to the judgment follow. On February 18, 1994, the State charged Williams with auto theft and being an habitual offender. On May 12, 1995, the trial court conducted a bench trial. At trial, the parties stipulated that Williams had been convicted of auto theft, a class D felony, on April 5, 1988, and of auto theft, a class C felony, on September 26, 1990. The trial court found Williams guilty of auto theft, a class C felony, and being an habitual offender.

On June 14, 1995, the trial court conducted a sentencing hearing, in which it sentenced Williams to four years for auto theft and enhanced the sentence by four years for being an habitual offender. The court then suspended two years and ordered probation. Williams now appeals his sentence.

### I.

■ The first issue raised for our review is whether the trial court erroneously enhanced Williams' sentence twice. Williams argues that the trial court erroneously sentenced him to a class C felony and as an habitual offender by using the same prior unrelated conviction for auto theft.[1]

A person commits the crime of auto theft, a class D felony, when the person knowingly or intentionally exercises unauthorized control over another's motor vehicle, with the intent to deprive the owner of the vehicle's use. Ind.Code § 35–43–4–2.5. The offense is a class C felony if the person has a prior auto theft conviction. I.C. § 35–43–4–2.5.

In addition, the State may seek to have a person sentenced as an habitual offender for any felony conviction by alleging that the person has accumulated two prior unrelated felony convictions. I.C. § 35–50–2–8(a). A person is an habitual offender if the court finds beyond a reasonable doubt that the person had accumulated two prior unrelated felony convictions. I.C. § 35–50–2–8(c).

---

1. Our supreme court recently left unanswered the question of whether the State may use prior felony convictions for charge enhancement, ag-

gravation, and habitual offender purposes. *See Shelton v. State,* 602 N.E.2d 1017, 1019, n. 1 (Ind.1992).

The trial court must sentence the habitual offender to an additional fixed term not less than the presumptive sentence for the underlying felony and not more than three times the presumptive sentence. I.C. § 35–50–2–8(e).

Here, Williams was charged with auto theft which was enhanced from a class D felony to a class C felony because he had previously been convicted of auto theft in 1990. In addition, the trial court adjudged Williams to be an habitual offender, in part, because of this same 1990 conviction.[2] Williams claims the trial court improperly used the 1990 auto theft conviction to support both enhancements. As a result, Williams urges this court to reverse the habitual offender enhancement.

 Our primary goal when construing a statute is to determine and to give effect to the legislative intent. *Camden v. Gibson Circuit Court*, 640 N.E.2d 696, 700 (Ind. 1994). Where two statute address the same subject, we strive to harmonize them where possible. *Freeman v. State*, 658 N.E.2d 68, 70 (Ind.1995). The legislature is presumed to have existing statutes in mind when it adopts a new law. *Id.* However, when the statutes cannot be harmonized and the legislature deals with a subject in a detailed manner in one statute and in a general manner in the other, the detailed statute will supersede the general one. *Id.*

The parties dispute the applicability of *Freeman* to the facts before us. In *Freeman*, the defendant was convicted of operating a vehicle while intoxicated ("OWI"). The trial court enhanced the class A misdemeanor conviction to a class D felony because the defendant had prior OWI convictions. *See* I.C. §§ 9–30–5–2, 9–30–5–3. In addition, the trial court enhanced the sentence after adjudging the defendant to be an habitual substance offender. The defendant appealed, arguing that the trial court erred in enhancing his sentence a second time.

Our supreme court reviewed the overlap between the habitual substance offender stat-

ute, I.C. § 35–50–2–10, and the enhancement provisions for repeat OWI offenders, I.C. § 9–30–5. The court noted that a person convicted of repeat OWI offenses could be subject to the enhancement provisions of both statutes. In addressing whether the legislature intended such a result, the supreme court stated:

"The two statutes at issue are difficult to harmonize. Both constitute a progressive scheme of justice which attaches at the defendant's first O.W.I. conviction. Construing these statutes somehow to operate consecutively would eliminate each statute's language pertaining to its starting point—the first conviction. Construing them as running concurrently negates the enhancement effect of the conviction with the shorter sentence. We therefore turn to the question of which enhancement the legislature intended courts to employ for O.W.I. repeaters."

*Id.* at 70. The court concluded that the legislature did not intend to subject the repeat offender to both enhancement provisions, and, accordingly, set out to determine which enhancement provision applied to OWI offenders. After reviewing the statutory schemes, the court determined that I.C. § 9–30–5, the more detailed and specific scheme, superseded I.C. § 35–50–2–10, which served as a general prohibition on repeat offenses. *Id.*

Without a developed argument, Williams cites *Freeman* for the proposition that where two statutes provide for an enhanced sentence, the statute which is specific to the offense should control. Williams concludes that his habitual offender enhancement should be reversed. The State argues that the statutes can be harmonized because the auto theft enhancement "was designed to fill the gap between a defendant's first conviction for auto theft, which is not enhanced, and his third conviction, which would be enhanced by the general habitual offender statute." Appellee's brief, p. 4.

 We agree with the State's contention that the auto theft enhancement serves

---

2. Williams' adjudication as an habitual offender was based upon both the 1988 and 1990 auto theft convictions.

as a "gap-filler" to the extent that the defendant receives an enhanced sentence for the second auto theft conviction. However, we find that the auto theft enhancement serves a larger purpose than merely as a gap-filler. The auto theft enhancement occurs any time after the person has committed one prior auto theft conviction. For example, when the defendant commits the fourth, fifth, sixth, and seventh auto thefts, he will be convicted of an enhanced class C felony each time. The fact that the legislature authorized the auto theft enhancement when the defendant has "a prior conviction," I.C. § 35–43–4–2.5, is evidence that the legislature intended for successive enhancements after the defendant has accumulated one prior auto theft conviction. These continuous enhancements suggest a legislative policy toward discouraging auto theft as a particular type of crime.

■ In contrast, the habitual offender statute authorizes an enhanced sentence after the defendant has been convicted of two prior unrelated felonies. *See* I.C. § 35–50–2–8. The statute requires an enhancement of the sentence for a period not less than the presumptive sentence of the underlying felony and not more than three times the presumptive sentence. The purpose of the habitual offender enhancement is to penalize more severely those persons whom prior sanctions have failed to deter from committing felonies. *Powers v. State*, 539 N.E.2d 950, 952 (Ind.1989), *reh'g denied; Marsillett v. State*, 495 N.E.2d 699, 705 (Ind.1986).

After reviewing these statutory schemes, we find that they complement each other. The defendant is subjected to the presumptive one and a half year sentence for his first class D felony auto theft conviction, I.C. § 35–50–2–7, and to the presumptive four year sentence for his second auto theft conviction, as a class C felony, I.C. § 35–50–2–6. Without the habitual offender statute, the defendant could never receive more than the maximum penalty for the class C auto theft conviction. In other words, each additional auto theft conviction would only subject the

defendant to the class C felony penalties. However, taking the two statutes together, the defendant may receive the presumptive four year sentence for the third auto theft conviction plus a minimum of four years for his habitual offender status.[3] The trial court could then increase the habitual offender enhancement for each subsequent conviction, up to a term equal to three times the presumptive sentence.

When read together, these statutes provide for a progressive scheme of punishment. Further, when the statutes operate concurrently, the purpose of each is effectuated. In the case of the auto theft enhancement, the legislative condemnation of persons who repeatedly commit auto theft is served. By applying the habitual offender enhancement, the legislative goal of imposing a more severe penalty for repeat offenders is served. Because these statutes can be harmonized, both enhancement provisions may apply simultaneously. *See Freeman*, 658 N.E.2d at 70. Therefore, the trial court properly enhanced Williams' sentence twice based upon the 1990 felony conviction.

## II.

■ The final issue raised for our review is whether the sentence is manifestly unreasonable because the trial court declined to consider mitigating circumstances raised by Williams. Williams sets forth the following mitigating circumstances, which he urges should have been considered by the trial court: (1) that the crime did not threaten or cause serious harm to persons or property, (2) that the victim's action in leaving the car running "facilitated the crime," (3) that he was under the influence of drugs at the time, (4) that he participated in GED classes and attended eleven weeks of substance abuse classes, (5) that imprisonment would reduce his ability to pay his child support arrearage, and (6) that he accepted responsibility for his actions and demonstrated remorse.

■ A sentence determination is within the trial court's discretion. *Duvall v. State*,

---

3. In fact, the punishment scheme worked in Williams' case. He was convicted of auto theft, a class D felony, in 1988. In 1990, Williams was convicted of auto theft, a class C felony. Finally, Williams was convicted most recently of auto theft, a class C felony, which was enhanced by the habitual offender finding.

540 N.E.2d 34, 36 (Ind.1989). On appeal, we will not revise a sentence authorized by statute unless the sentence is "manifestly unreasonable" in light of the nature of the offense and the character of the offender. Ind. Appellate Rule 17(A). A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed. App.R. 17(B).

 The trial court is not obligated to set forth its reasons for imposing the presumptive sentence. *Hoskins v. State,* 563 N.E.2d 571, 578 (Ind.1990); *Finch v. State,* 510 N.E.2d 673, 676 (Ind.1987). Moreover, whether the trial court finds mitigating circumstances is within its discretion. *Widener v. State,* 659 N.E.2d 529, 533 (Ind.1995). The trial court is neither required to include within the record a description of all proffered mitigating circumstances nor required to give the same weight that the defendant does to those circumstances. *Id.* The trial court is not obligated to find that mitigating circumstances exist at all. *Id.*

Here, Williams was convicted of auto theft, a class C felony, and adjudged an habitual offender. The trial court sentenced him to the presumptive sentence for auto theft and to the minimum habitual offender enhancement. We do not find this sentence manifestly unreasonable given the character of the offender and the nature of the offense.

For the foregoing reasons, the judgment is affirmed.

AFFIRMED.

RUCKER and FRIEDLANDER, JJ., concur.