**Howard E. THOMAS, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A04–9611–CR–461.**

Court of Appeals of Indiana.

Aug. 15, 1997.

M.E. Tuke, Indianapolis, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Carol A. Nemeth, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Defendant–Appellant Howard Thomas ("Thomas") appeals following his conviction for carrying a handgun without a license as a Class C felony[1]; and his adjudication as an habitual offender.[2]

We affirm.

### ISSUE

One issue is presented for our review, which we restate as follows: Whether the trial court properly enhanced Thomas's sentence.

### FACTS AND PROCEDURAL HISTORY

On November 30, 1995, Thomas was charged in a two-part information with carrying a handgun without a license, as a Class C felony. The crime was charged in Count I of the information as a Class A misdemeanor, and enhanced in Part II of Count I to a Class C felony due to the fact that Thomas had a prior felony conviction for robbery in 1981. In a separate information, the State sought an habitual offender enhancement pursuant to Ind.Code 35–50–2–8. It was alleged in the information that Thomas had been convicted of theft as a Class D felony on March 9, 1979; battery as a Class C felony on January 10, 1980; and robbery as a Class B felony on August 21, 1981.

Thomas pled guilty to carrying a handgun without a license as a Class C felony, and to being an habitual offender. At the guilty plea hearing, Thomas did not contest the fact that he had accumulated three prior felony convictions. However, he argued that because the handgun offense was enhanced to a Class C felony due to his prior robbery conviction, the State was subjecting him to double jeopardy by again using the 1981 robbery conviction as an underlying offense to sup-

---

1. Ind.Code 35–47–2–1; Ind.Code 35–47–2–23(c)(2)(B).

2. Ind.Code 35–50–2–8.

port the habitual offender adjudication. The court heard brief argument by the parties, requested written briefs and set the matter for sentencing.

The parties filed their briefs, and the court heard additional argument at the sentencing hearing. After the parties rested, the court denied Thomas's motion to dismiss, entered judgment of conviction on Thomas's guilty plea and sentenced him to two years executed, with a four year enhancement for the habitual offender adjudication. Thomas now appeals.

## DISCUSSION AND DECISION

Thomas contends that his sentence was improperly enhanced under the habitual offender statute because the handgun offense had already been elevated to a Class C felony due to his 1981 robbery conviction. Ind. Code 35–47–2–1 provides in relevant part that "a person shall not carry a handgun in any vehicle or on or about his person, except in his dwelling, or his property or fixed place of business, without a license issued under this chapter being in his possession." Generally, a person who violates this section commits a Class A misdemeanor. However, the offense is a Class C felony if the person "has been convicted of a felony within fifteen (15) years before the date of the offense." Ind. Code 35–47–2–23(c)(2)(B).

Thomas relies primarily upon two Indiana Supreme Court cases wherein the court reversed the defendants' habitual offender enhancements. In *Freeman v. State*, 658 N.E.2d 68 (Ind.1995), and *Devore v. State*, 657 N.E.2d 740 (Ind.1995), the court held that a conviction for operating a vehicle while intoxicated which is enhanced from a Class A misdemeanor to a Class D felony under the provisions of Ind.Code 9–30–5–3 may not be enhanced a second time under the habitual substance offender provisions of Ind.Code 35–50–2–10. Specifically, the court held that Ind.Code 9–30–5 is a definite and specific statute which supersedes the general habitual substance offender statute. *Devore*, 657 N.E.2d at 742. In both of these cases, the defendants' offenses were initially enhanced due to their prior OWI convictions, and then

enhanced a second time due to their status as habitual substance offenders.

The court opined that subjecting repeat OWI offenders to the progressively severe punishments under both statutes was not the result intended by the legislature. *Freeman*, 658 N.E.2d at 69–71. Based on this determination, the court concluded that Ind.Code 9–30–5 is the more detailed and specific statute and supersedes Ind.Code 35–50–2–10 which represents a general prohibition on repeat offenses. *Id.* at 71. The habitual substance offender enhancements were reversed in both *Freeman* and *Devore*. 658 N.E.2d at 71, 657 N.E.2d at 741.

Thomas also relies on *Stanek v. State*, 603 N.E.2d 152 (Ind.1992), *reh'g denied*, wherein the supreme court also struck down the double enhancement of the defendant's sentence. In *Stanek*, the defendant was convicted of operating a motor vehicle while his driving privileges were suspended for life, a Class C felony. This conviction was enhanced to a Class C felony under the habitual offender statute for habitual violators of traffic laws because the defendant had a previous felony conviction for operating a motor vehicle while his driving privileges were suspended. The trial court then used the general habitual offender statute to enhance the defendant's sentence by an additional 20 years. Both of the predicate felonies for the habitual offender charge were traffic violations. The supreme court again found that this double enhancement was not the intent of the legislature. Specifically, the court found that the habitual traffic violator statute was "a discreet, separate, and independent habitual offender statute" and the enhancement of the defendant's sentence under that statute was not subject to further enhancement under the general habitual offender statute. *Id.* at 153–54.

After careful consideration of Ind.Code 35–47–2–23 and the above precedent, we do not believe that Thomas's Class C felony conviction was a sentence enhancement as that term is contemplated in the habitual offender statutes. Rather, carrying a handgun without a license as a Class C felony is a separate and distinct crime from the misdemeanor crime of carrying a handgun without a li-

cense. Under the facts before us, Thomas's crime is a Class C felony because he had been convicted of a felony within the preceding 15 years. In contrast to the above cases, Thomas was not charged under two habitual offender statutes. Rather, he was charged with being an habitual offender under Ind. Code 35–50–2–8 and with committing the crime of carrying a handgun without a license as a Class C felony. The fact that the handgun charge was elevated from a misdemeanor to a felony does not render application of the habitual offender statute in any way duplicative. Hence, the State was not barred from using Thomas's 1981 robbery conviction as an underlying felony to support the habitual offender charge.

Because Thomas's convictions were not already enhanced by a specific habitual offender scheme, use of the general habitual offender statute does not result in double enhancement. *See Haymaker v. State*, 667 N.E.2d 1113 (Ind.1996) (holding that defendant's habitual traffic violator conviction could also serve as a predicate felony conviction under the general habitual offender statute); *see also Williams v. State*, 676 N.E.2d 1074 (Ind.Ct.App.1997) (holding that defendant's auto theft conviction could serve to support his conviction for auto theft as a Class C felony and as a prior unrelated felony conviction under the habitual offender statute).

We therefore affirm the trial court in all respects.

DARDEN and FRIEDLANDER, JJ., concur.