STATE of Indiana, Appellant–Plaintiff,

v.

Roy DENNIS, Appellee–Defendant.

No. 49A02–9706–CR–349.

Court of Appeals of Indiana.

Oct. 28, 1997.

Jeffrey A. Modisett, Attorney General, Suzann Weber Lupton, Deputy Attorney General, Indianapolis, for Appellant–Plaintiff.

Annette K. Fancher, Marion County Public Defender, Indianapolis, for Appellee–Defendant.

## OPINION

KIRSCH, Judge.

The State raises the following issue on interlocutory appeal: whether the use of Dennis' prior prostitution convictions to elevate the instant prostitution charge to a Class D felony and at the same time establish him as an habitual offender functioned as an improper double enhancement.

We reverse.

## FACTS AND PROCEDURAL HISTORY

Dennis was convicted of prostitution on November 12, 1992 and on July 23, 1996. Both convictions were Class D felonies because Dennis had two prior misdemeanor convictions. On January 21, 1997, the State charged Dennis with prostitution, as a Class D felony because Dennis had two prior convictions for prostitution. *See* IC 35–45–4–2. The State also charged Dennis with being an habitual offender pursuant to IC 35–50–2–8,

using the same two prior felony prostitution convictions as the predicate offenses for the enhancement.

Dennis filed a motion to dismiss the habitual offender charge, claiming that relying upon the same prior prostitution convictions to enhance the charge to impose the habitual offender determination constituted an improper double enhancement. After a hearing on Dennis' motion, the trial court granted the Motion to Dismiss and certified the question for interlocutory review.

## DISCUSSION AND DECISION

A person commits the crime of prostitution when:

"A person who knowingly or intentionally: (1) performs, or offers or agrees to perform, sexual intercourse or deviate sexual conduct; or (2) fondles, or offers or agrees to fondle, the genitals of another person; for money or other property commits prostitution, a Class A misdemeanor. However, the offense is [a] Class D felony if the person has two (2) prior convictions under this section."

IC 35–45–4–2. Additionally, the State may seek an habitual offender determination "by alleging . . . that the person has accumulated two prior unrelated felony convictions." IC 35–50–2–8(a). A person is an habitual offender if the State proves beyond a reasonable doubt that the person had accumulated two prior unrelated felony convictions. IC 35–50–2–8(d).

Here, the State charged Dennis with prostitution as a Class D felony because Dennis had accumulated two prior unrelated convictions for prostitution. The State also charged Dennis with being an habitual offender.

When reviewing a statute we determine and give effect to the legislative intent. *Spaulding v. International Bakers Servs.,* 550 N.E.2d 307, 309 (Ind.1990). Where two statutes address the same subject, we strive to harmonize them where possible. *Freeman v. State,* 658 N.E.2d 68, 70 (Ind.1995). The legislature is presumed to have existing statutes in mind when it adopts a new law. *Id.* However, when the statutes cannot be

harmonized, and the legislature deals with a subject in a detailed manner in one statute and in a general manner in the other, the detailed statute will supersede the general one. *Id.*

Dennis relies upon two Indiana Supreme Court cases where the court reversed habitual offender enhancements. In *Freeman,* 658 N.E.2d 68, and *Devore v. State,* 657 N.E.2d 740 (Ind.1995), the court decided that convictions for operating a vehicle while intoxicated, which are enhanced from Class A misdemeanors to a Class D felonies under the provisions of IC 9–30–5–3, may not be enhanced a second time under the habitual offender provisions of IC 35–50–2–10. In each case, the State enhanced the defendants' offenses because of their prior OWI convictions, and then enhanced subsequently due to their status as habitual substance offenders. The court determined that the legislature did not intend to subject repeat OWI offenders to progressively severe punishments under both statutes. *Freeman,* 658 N.E.2d at 69–71. Ultimately, our supreme court reversed Freeman's and Devore's habitual substance offender enhancements. *Freeman,* 658 N.E.2d at 71; *Devore,* 657 N.E.2d at 741.

Dennis also cites *Stanek v. State,* 603 N.E.2d 152 (Ind.1992), where the supreme court struck down another double enhancement of the defendant's sentence. The *Stanek* defendant was convicted of operating a motor vehicle while his driving privileges were suspended for life, a Class C felony. The conviction was enhanced because the defendant had a previous felony conviction for operating a motor vehicle while his driving privileges were suspended. The general habitual offender statute was used to enhance the defendant's sentence, based upon traffic violations. The supreme court found that the double enhancement was not the legislature's intent because the habitual traffic violator statute operated as "a discreet, separate, and independent habitual offender statute" and thus not subject to further enhancement under the habitual offender statute. *Id.* at 153–54.

We, however, find *Thomas v. State,* 684 N.E.2d 222 (Ind.Ct.App.1997), and *Williams v. State,* 676 N.E.2d 1074 (Ind.Ct.App.1997), more applicable to the case at bar. In *Thomas* and *Williams* the court found that the statutes providing enhancements for prior convictions for carrying a handgun without a license,[1] and auto theft[2] operate in harmony with the habitual offender statute.[3] *Thomas,* 684 N.E.2d at 223–24; *Williams,* 676 N.E.2d at 1077–78. Unlike *Freeman, Devore,* and *Stanek,* because the *Thomas* defendant's "convictions were not already enhanced by a specific habitual offender scheme, use of the general habitual offender statute does not result in double enhancement." *Thomas,* 684 N.E.2d at 224.

After reviewing the statutory schemes of IC 35–45–4–2 and IC 35–50–2–8, we find that they compliment each other and that the prostitution statute is not "a discreet, separate, and independent habitual offender statute." *Stanek v. State,* 603 N.E.2d at 153–54. Without the habitual offender statute, Dennis could never receive more than the maximum penalty for the Class D felony prostitution conviction. *See Williams,* 676 N.E.2d at 1077. In other words, each additional prostitution conviction would only subject Dennis to the Class D felony penalties.

■ When read together, the enhancement and habitual offender statutes provide for a progressive scheme of punishment. Prostitution is a Class D felony only after two prior prostitution convictions as a misdemeanor. The habitual offender enhancement is added only after three felony convictions. The purpose of the habitual offender enhancement is to penalize more severely those persons whom prior sanctions have failed to deter from committing felonies. *Marsillett v. State,* 495 N.E.2d 699, 705 (Ind.1986). "Further, when the statutes operate concurrently, the purpose of each is effectuated." *Williams,* 676 N.E.2d at 1077–78. In the case of the prostitution enhancement, the

---

**1.** IC 35–47–2–1; 35–47–2–23(c)(2)(B).

**2.** IC 35–43–4–2.5.

**3.** IC 35–50–2–8.

legislative condemnation of persons who repeatedly commit prostitution is served. *Id.*

Dennis also questions the meaning of "prior unrelated felony convictions" as used in the habitual offender statute. IC 35–50–2–8. "Prior unrelated felony convictions" does not mean a felony of unlike nature, but is interpreted as the felonies are not related to the instant felony conviction in the sense that they are not connected as part of the res gestae of the current crime. *Erickson v. State,* 438 N.E.2d 269, 273 (Ind.1982). In other words, the State must only show that the second of Dennis' previous felony convictions was subsequent to the conviction and sentencing upon the first offense. *See Gibson v. State,* 661 N.E.2d 865, 868 (Ind.Ct. App.1996), *trans. denied.*

Because IC 35–45–4–2 and IC 35–50–2–8 can be harmonized, both enhancement provisions may be simultaneously applied. Therefore, the trial court improperly dismissed Dennis' habitual offender sentence enhancement.

The judgment of the trial court is reversed and remanded for retrial consistent with this opinion.

RUCKER, J., concurs.

SULLIVAN, J., concurs in result.