Richard E. SETTLE, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 06A01–9809–CR–326.

Court of Appeals of Indiana.

April 22, 1999.

Michael D. Gross, Lebanon, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Liisi Baumgartner, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

STATON, Judge

Richard A. Settle appeals the enhancement of his sentence based on his status as an habitual substance offender,[1] following his conviction for operating while intoxicated, a Class D felony.[2] Settle raises one issue for our review, which we restate as: whether the trial court erred by enhancing Settle's sen-

---

1. IND.CODE § 35–50–2–10 (1996).

2. IND.CODE § 9–30–5–3 (1993).

tence according to the 1996 version of the habitual substance offender statute.

We reverse and remand.

On March 11, 1995, police investigated an accident wherein Settle had driven his vehicle off the roadway. When police arrived at the scene, they detected the odor of alcoholic beverages on Settle. Settle was taken to the hospital, where it was observed that his eyes were glassy and bloodshot and he was unsteady on his feet. Settle refused to take a chemical breath test. The State charged Settle with operating while intoxicated as a Class D felony, due to a prior conviction for operating while intoxicated in the preceding five years. Later, an habitual substance offender affidavit was filed. One of the predicate offenses supporting the habitual substance offender charge was the same prior OWI conviction used to enhance the underlying charge to a Class D felony. A jury found Settle guilty on all charges. He was sentenced to three years for operating while intoxicated, with an eight year enhancement due to his status as an habitual substance offender. Settle appeals.

■ Settle contends that the trial court erred by enhancing his sentence under the habitual substance offender statute, as amended in 1996.[3] Settle was charged with the underlying OWI offense in 1995. The habitual substance offender statute in place in 1995 provided that a person could be sentenced as an habitual substance offender if that person had two prior unrelated substance offense convictions. A "substance offense" was defined as "a Class A misdemeanor or a felony in which the possession, use, abuse, delivery, transportation, or manufacture of alcohol or drugs is a material element of the crime." IC 35–50–2–10(a)(2) (1993). In 1996, the legislature expanded the definition of substance offense to "a Class A misdemeanor or a felony in which the possession, use, abuse, delivery, transportation, or manufacture of alcohol or drugs is a material element of the crime. *The term includes an offense under IC 9–30–5* [.]" IC 35–50–2–

10(a)(2) (1996) (as amended by P.L. 96–1996 Sec. 8) (emphasis added).

■ Settle contends that the habitual substance offender statute in effect in 1995 should govern his sentencing. Generally, the statute in effect at the time of the offense is the statutory basis for sentencing. *Elkins v. State,* 659 N.E.2d 563, 565 (Ind.Ct.App.1995). Further, the constitutional prohibitions against *ex post facto* criminal sanctions require that criminal proceedings be governed by the statutory provision in effect at the time of the offense. U.S. CONST. art. I, § 10; IND. CONST. art. I, § 24. "The fundamental concept underlying the prohibition against *ex post facto* laws is that of fair notice to the defendant at the time he acts that his behavior is deemed criminal. The offender selects the time of the crime and thus freezes the penal consequences as of that event." *Nuerge v. State,* 677 N.E.2d 1043, 1045–46 (Ind.Ct.App.1997), *trans. denied* (internal citations omitted).

■ The State argues that the 1996 amendments were enacted merely to clarify the legislature's original intent, and thus, the amended statute applies retrospectively to Settle. The State relies on *Tedlock v. State,* 656 N.E.2d 273 (Ind.Ct.App.1995). In *Tedlock,* we held that an amendment to a statute providing a definition of "episode" related back, because the amendment merely clarified the legislature's intent at the initial enactment of the statute. *Id.* at 276. However, in *Tedlock,* this court was interpreting an ameliorative amendment, which does apply retrospectively. *Id.* at 275. Therefore, the State's reliance on *Tedlock* is misplaced.

The State also relies on *Haymaker v. State,* 667 N.E.2d 1113, 1115 (Ind.1996), wherein our supreme court held that "effective July 1, 1996, prior convictions under IC 9–30–5 (operating a vehicle while intoxicated) will be available as predicate offenses for habitual substance offender enhancements." However, *Haymaker* did not cause the 1996 habitual substance offender statute to apply

---

**3.** The State argues that Settle waived his right to challenge the *ex post facto* application of the 1996 habitual substance offender statute due to his failure to raise the issue at trial. However,

the *ex post facto* application of a criminal statute is fundamental error, and therefore, we will address the issue. *See Mudd v. State,* 483 N.E.2d 782, 785 (Ind.Ct.App.1985).

retrospectively. Instead, it merely announced that once the amendment took effect, prior OWI convictions could be used as predicate offenses to support the habitual substance offender enhancement of the underlying charge. Thus, even after *Haymaker*, it is the date of the commission of the underlying offense that determines which statute should be applied. Thus, we hold that the 1993 version of IC 35–50–2–10, in effect at the time the underlying offense was committed, governs Settle's sentence. The trial court erred by sentencing Settle under the 1996 version of IC 35–50–2–10.

■ Our supreme court has interpreted the version of IC 35–50–2–10 in effect in 1995, and determined that the habitual substance offender statute does not apply when the punishment for the underlying OWI has been increased on the basis of a prior OWI. *Freeman v. State*, 658 N.E.2d 68 (Ind.1995); *Devore v. State*, 657 N.E.2d 740 (Ind.1995). Specifically, our supreme court held that "our analysis of the two statutory schemes reveals Chapter [9–30–5] as the more detailed and specific; Section 35–50–2–10 remains a general prohibition on repeat offenses regardless of the activity or controlled substance involved. The former therefore supersedes the latter.... Chapter [9–30–5] is thus the only enhancement to which [the defendant] should have been subject." *Freeman v. State*, 658 N.E.2d at 71.

Likewise, we hold that under the version of IC 35–50–2–10 in effect at the time Settle committed the underlying offense, Settle's sentence can only be enhanced under IC 9–30–5–3. Thus, the trial court erred by also enhancing Settle's sentence under IC 35–50–2–10. We reverse and remand with instructions for the trial court to vacate Settle's eight year habitual substance offender enhancement.

Reversed and remanded.

BAILEY, J., and FRIEDLANDER, J., concur.