**Duke HENDERSON, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

No. 49A02–0411–PC–976.

Court of Appeals of Indiana.

April 26, 2005.

Transfer Denied June 21, 2005.

---

8. The seventieth day was May 14, 2000, well before his arrest and initial hearing.

Susan K. Carpenter, Public Defender of Indiana, C. Brent Martin, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Michael Gene Worden, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Duke Henderson ("Henderson") was convicted in Marion Superior Court of Class A felony attempted robbery and sentenced to serve fifty years in the Department of Correction. He subsequently filed a petition for post-conviction relief alleging ineffective assistance of trial counsel. The post-conviction court denied his petition and Henderson appeals arguing that his trial counsel was ineffective for failing to object to a jury instruction which did not include the mens rea of specific intent to commit attempted robbery. Concluding that Henderson's trial counsel was not ineffective for failing to object to the instruction, we affirm.

### Facts and Procedural History

Facts pertinent to this appeal are found in our court's resolution of Henderson's direct appeal.

Clinton Hodges met Henderson on the evening of December 3, 2001, while walking home from a neighborhood bar. Hodges asked Henderson if he had any rolling papers and if he "messed around." Henderson accompanied Hodges back to Hodges' apartment and stayed a few minutes before leaving. Henderson returned to Hodges' apartment later that night and while Hodges was in the bathroom, Henderson took Hodges' cell phone and left the apartment. Hodges reported the theft to the police.

The next night, Henderson returned to Hodges' apartment and returned the cell phone. He was accompanied by a woman and had a black bag with him. Later that night, Henderson again returned to Hodges' apartment. Hodges observed that Henderson was acting erratically. Henderson asked for money, and when Hodges responded that he did not have any, Henderson tried to take Hodges' stereo. Hodges retrieved a knife from his closet in order to get Henderson to leave the apartment. However, Henderson took the knife and in the process cut Hodges' hand. Hodges then grabbed a hammer and in the ensuing struggle, Henderson stabbed Hodges three times with the knife. Hodges' downstairs neighbor heard the fight and called the police. Henderson left the apartment, leaving the stereo behind, but taking the stereo remote control with him. Hodges was taken to the hospital. While there, he was interviewed by police and identified Henderson from a photo array. Hodges' injuries required surgery. The police recovered a black bag from Hodges'

apartment which contained medications belonging to Henderson, as well as a pipe for smoking crack cocaine.

Henderson was charged with attempted robbery, a Class A felony, and battery, a Class C felony. Both charges were elevated due to serious bodily injury to Hodges. A jury found defendant guilty of both counts. The trial court entered judgment of conviction on the Class A felony attempted robbery, merging the battery as a lesser-included offense. The trial court imposed a fifty-year sentence.

*Henderson v. State,* No. 49A02–0207–CR–519, Slip op. at 2–3, 784 N.E.2d 589 (Ind. Ct.App. March 4, 2003).

On March 31, 2003, Henderson filed a petition for post-conviction relief and an amended petition was filed on June 23, 2004. In his amended petition, Henderson alleged that his trial counsel was ineffective for failing to object to the attempted robbery jury instruction because it did not include the element of specific intent to commit the charged offense. A hearing was held on Henderson's petition on September 21, 2004.

The trial court issued findings of fact and conclusions of law denying Henderson's petition on October 22, 2004. Citing *Richeson v. State,* 704 N.E.2d 1008, 1011 (Ind.1998), the trial court concluded that an objection to the jury instruction would not have been sustained because "the element of specific intent is required only for attempted murder, and not for other attempt crimes." Appellant's App. p. 73. Further, the court concluded that Henderson's "intent was not ambiguous, and therefore, a reasonable possibility of a different result does not exist." *Id.* at 74. Henderson now appeals. Additional facts will be provided as necessary.

## Standard of Review

Post-conviction procedures do not afford petitioners an opportunity for a "super appeal." *Matheney v. State,* 688 N.E.2d 883, 890 (Ind.1997). Rather, they create a narrow remedy for subsequent collateral challenges to convictions. *Id.* Those collateral challenges must be based upon grounds enumerated in the post-conviction rules. *Id.; see also* Ind. Post-Conviction Rule 1(1). The petitioner in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5); *Fisher v. State,* 810 N.E.2d 674, 679 (Ind.2004). When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Fisher,* 810 N.E.2d at 679. On review, we will not reverse the judgment unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. *Id.*

The post-conviction court in this case entered findings of fact and conclusions of law in accordance with Indiana Post–Conviction Rule 1(6). "A post-conviction court's findings and judgment will be reversed only upon a showing of clear error—'that which leaves us with a definite and firm conviction that a mistake has been made.'" *Ben–Yisrayl v. State,* 729 N.E.2d 102, 106 (Ind.2000) (quoting *State v. Moore,* 678 N.E.2d 1258, 1261 (Ind. 1997)). Although we accept findings of fact unless they are clearly erroneous, we give conclusions of law no deference. *Fisher,* 810 N.E.2d at 679.

## Discussion and Decision

Ineffective assistance of counsel claims are governed by a two-part test. First, the defendant must show that counsel was deficient, i.e., "show[ ] that counsel's representation fell below an objective standard

of reasonableness and that counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed to the defendant by the Sixth Amendment." *Wrinkles v. State,* 749 N.E.2d 1179, 1188 (Ind.2001) (citing *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Second, the defendant must prove that counsel's deficient performance prejudiced the defendant, i.e., show that defendant was deprived a fair trial with a reliable result, and show that there is a reasonable probability that with effective assistance, the result of the proceeding would have been different. *Id.* at 1188–89 (citing *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052). "Failure to satisfy either prong will cause the claim to fail. Indeed, most ineffective assistance of counsel claims can be resolved by a prejudice inquiry alone." *French v. State,* 778 N.E.2d 816, 824 (Ind.2002) (citations omitted).

The post-conviction court is guided by various important guidelines in determining whether a defendant proves his claim of ineffective assistance of counsel. *Stevens v. State,* 770 N.E.2d 739, 746 (Ind. 2002). "There is a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* (citing *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052). "Counsel is afforded considerable discretion in choosing strategy and tactics, and these decisions are entitled to deferential review." *Id.* (citations omitted).

 Henderson argues that his trial counsel was ineffective for failing to object to the following jury instruction, which provides in pertinent part: [1]

A person attempts to commit a crime when he knowingly engages in conduct that constitutes a substantial step toward the commission of the crime.

The crime of robbery is defined by statute as follows:

A person who knowingly takes property from another person or from the presence of another person by using or threatening the use of force on any person or by putting any person in fear, commits robbery. The offense is a Class A felony if it results in serious bodily injury to any person other than the defendant.

The elements of this offense are that the defendant must:

1. Take a substantial step to
2. knowingly
3. take property
4. from another or from the presence of another
5. by force, or threat of force, or by putting the person in fear; and
6. results in serious bodily injury to any person other than a defendant.

Petitioner's Ex. A, p. 84. Henderson contends that this instruction "omitted the

---

1. Citing *Carter v. State,* 512 N.E.2d 158, 162 (Ind.1987), the State argues that Henderson waived this claim because he proceeded pro se at trial. Br. of Appellee at 10. Henderson was granted permission to represent himself at trial and counsel's role was that of standby counsel. However, standby counsel actively participated in Henderson's defense by 1) consulting with Henderson, 2) formulating a theory of defense, 3) cross-examining the State's witnesses, 4) conducting direct examination of Henderson, 5) objecting to the admission of State's evidence, 6) arguing final instructions, and 7) making closing argument. Appellant's App. p. 73. At the post-conviction hearing, counsel testified that he represented Henderson at trial in this cause. Tr. p. 6. Moreover, it appears that the State did not raise this claim until it submitted proposed findings of fact and conclusions of law to the post-conviction court. Accordingly, we conclude that Henderson has not waived his claim of ineffective assistance of counsel and will address it on its merits.

essential element of specific intent, thereby relieving the State of the burden of proving every essential element of the offense beyond a reasonable doubt." Br. of Appellant at 5.

In *Spradlin v. State*, 569 N.E.2d 948 (Ind.1991), our supreme court held that a jury instruction setting forth the elements of attempted murder "must inform the jury that the State must prove beyond a reasonable doubt that the defendant, *with intent to kill* the victim, engaged in conduct which was a substantial step toward such killing." *Id.* at 950 (emphasis added). However, the court has also held that the *Spradlin* holding applies only to the crime of attempted murder. *See Richeson v. State*, 704 N.E.2d 1008, 1009 (Ind.1998).

In *Richeson*, Richeson argued that the court should extend *Spradlin* to the crime of attempted battery, and therefore, the trial court would be required to instruct the jury " 'that the defendant acted with the *specific intent* to touch the victims in a rude, insolent, or angry manner.' " *Id.* (quoting Br. of Appellant at 8–9). In rejecting Richeson's argument, the court observed that "attempted murder is a special case, deserving special treatment.... It is the higher sentence range for attempted murder *in combination with* the ambiguity involved in the proof of that crime that justifies the result in *Spradlin* and distinguishes other types of attempt prosecutions that involve either stringent penalties, or ambiguity, but not both." *Id.* at 1010–11 (emphasis in original).

In *McCann v. State*, 742 N.E.2d 998 (Ind.Ct.App.2001), *summarily aff'd in rel-evant part and vacated in part on other grounds*, 749 N.E.2d 1116 (Ind.2001), McCann argued that the trial court improperly gave an attempted rape instruction to the jury which provided that the State only had to prove the mens rea of "knowingly." *Id.* at 1004. Citing *Richeson* and observing that the culpability required for rape is "knowingly or intentionally," our court concluded that the attempt statute permits an instruction providing that the jury may convict upon proof that the defendant took a substantial step toward the commission of a knowing rape. *Id.* at 1004–05. "The Attempted Rape instruction given in this case ... neither misstated the law nor misled the jury." [2] *Id.* at 1005.

The attempt statute provides that "a person attempts to commit a crime when, acting with the culpability required for the commission of that crime, he engages in conduct that constitutes a substantial step toward the commission of the crime." *See* Ind.Code § 35–41–5–1(a) (2004). Like the crimes of battery and rape discussed in *Richeson* and *McCann*, the culpability required for robbery is "knowingly or intentionally." *See* Ind.Code § 35–42–5–1 (2004). Therefore, the statutes defining attempt and robbery do not require the State to prove that the defendant *intended* to commit robbery.

▮ In this case, if Henderson's trial counsel had objected to the attempted robbery instruction, the trial court could have properly overruled his objection under *Richeson* and *McCann*.[3] Therefore, we

---

2. Judge Sullivan dissented from this holding. Observing that McCann was convicted of Class A felony attempted rape, he stated, "I would apply a principle analogous to that of *Spradlin* to cases which by instructions to the jury are likely to be confusing with respect to mens rea and intent and which involve a penalty for a Class A felony." *Id.* at 1008–09.

3. In his brief, Henderson argues that our court should overrule *Richeson* because application of the *Richeson* decision to his case violates Article One, Section Twelve and Article One, Section Twenty–Three of the Indiana Constitution, and the Fourteenth Amendment of the United States Constitution. Br. of Appellant at 8–11. However, our court is bound

cannot conclude that Henderson's trial counsel was ineffective for failing to object to the attempted robbery instruction. Moreover, we observe that although Henderson asserted at trial that this case simply involved a fight over a drug deal, the post-conviction court concluded that Henderson's intent to commit robbery "was not ambiguous, and therefore, a reasonable probability of a different result does not exist." Appellant's App. p. 74. In support of this conclusion, the court noted evidence presented at trial that Henderson went to the victim's residence, told the victim he needed money, picked up the victim's stereo and began to leave the residence. *Id.; see also* Trial Tr. pp. 14–16. Accordingly, we conclude that the trial court properly denied Henderson's petition for post-conviction relief because Henderson failed to demonstrate that his counsel was deficient and that he was deprived of a fair trial.

Affirmed.

BAILEY, J., and SULLIVAN, J., concur.

by supreme court precedent. *See Smith v. State,* 777 N.E.2d 32, 40 (Ind.Ct.App.2002), *trans. denied.* Furthermore, Henderson's constitutional challenge to the *Richeson* decision could have been made on direct appeal.

Finally, we observe that "a failure to anticipate or effectuate a change in the existing law does not constitute ineffective assistance of counsel." *Law v. State,* 797 N.E.2d 1157, 1165–66 (Ind.Ct.App.2003).