**Larry KING, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 41A01–0511–PC–498.

Court of Appeals of Indiana.

May 30, 2006.

---

Andrew E. Clark, Indianapolis, for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, for Appellee.

## OPINION

ROBB, Judge.

Larry King appeals the post-conviction court's denial of his petition for post-conviction relief. We affirm.

### Issue

King raises one issue for our review, which we restate as whether the post-conviction court properly denied his petition for post-conviction relief.

### Facts and Procedural History

Prior to 1993, King was convicted twice of operating a motor vehicle while intoxicated ("OWI"), the most recent conviction being on February 5, 1987. King was arrested for OWI on August 30, 1993. On November 29, 1994, King pled guilty to OWI as a Class A misdemeanor, operating

while an habitual traffic violator, a Class D felony, and to being an habitual substance offender. The trial court used the habitual substance offender finding to impose an enhanced sentence of eight years for King's OWI conviction, but suspended six of those years to probation. The trial court imposed a two-year sentence for King's habitual traffic violator conviction, and provided that this sentence should be served concurrently with his OWI conviction.

On May 13, 2005, King filed a petition for post-conviction relief arguing that the trial court's use of the habitual substance offender finding to enhance his sentence for his OWI conviction was erroneous. King contended that his OWI convictions could not be used as predicate offenses for the habitual substance offender finding because, at the time he committed the underlying offense, OWI was not a "substance offense" as that term was defined in Indiana Code section 35–50–2–10. On September 26, 2005, the post-conviction court held a hearing on King's petition, and later that same day issued a written order denying King post-conviction relief. This appeal ensued.

### Discussion and Decision

King argues that the trial court erred in denying his petition for post-conviction relief. We disagree.

#### I. Standard of Review

 Post-conviction proceedings do not afford a petitioner an opportunity for a "super appeal." *Henderson v. State*, 825 N.E.2d 983, 985 (Ind.Ct.App.2005), *trans. denied.* Post-conviction proceedings provide the petitioner with an opportunity to raise issues that were not known to him or her at the time of the original trial or were not available upon direct appeal. *Seeley v. State*, 782 N.E.2d 1052, 1057–58 (Ind.Ct. App.2003), *trans. denied.* "The petitioner

in a post-conviction proceeding bears the burden of establishing grounds for relief by a preponderance of the evidence." *Henderson*, 825 N.E.2d at 985. To succeed on appeal from denial of post-conviction relief, the petitioner must show that the evidence is without conflict and leads unerringly and unmistakably to a conclusion opposite the one reached by the post-conviction court. *Johnson v. State*, 832 N.E.2d 985, 991 (Ind.Ct.App.2005), *trans. denied.*

 When reviewing the denial of a petition for post-conviction relief, we do not weigh the evidence or judge the credibility of the witnesses. *Lowery v. State*, 640 N.E.2d 1031, 1037 (Ind.1994), *cert. denied*, 516 U.S. 992, 116 S.Ct. 525, 133 L.Ed.2d 432 (1995). We will only conclude that a post-conviction court's decision is contrary to the law where the evidence is without conflict and leads to but one conclusion, and the post-conviction court has reached the opposite conclusion. *Thompson v. State*, 796 N.E.2d 834, 838 (Ind.Ct. App.2004), *trans. denied.*

#### II. Habitual Substance Offender Enhancement

 King argues that the trial court erred when it used the habitual substance offender finding to enhance his sentence for OWI. He asserts that his OWI convictions could not be used as predicate offenses for the habitual substance offender finding because, at the time he committed the underlying offense in 1993, OWI was not a "substance offense" as that term was defined in Indiana Code section 35–50–2–10. King concludes that the habitual substance offender determination should be vacated and his sentence adjusted accordingly.

We have previously stated that "the statute in effect at the time of the offense

is the statutory basis for sentencing." *Settle v. State*, 709 N.E.2d 34, 35 (Ind.Ct.App. 1999). At the time King committed the offense of OWI, Indiana Code section 35–50–2–10 provided as follows:

(b) The state may seek to have a person sentenced as an habitual substance offender for any substance offense by alleging ... that the person has accumulated two (2) prior unrelated substance offense convictions.

\* \* \*

(e) A person is an habitual substance offender if the ... court ... finds that the state has proved beyond a reasonable doubt that the person had accumulated two (2) prior unrelated substance offense convictions.

(f) The court shall sentence a person found to be an habitual substance offender to an additional fixed term of at least three (3) years but not more than eight (8) years imprisonment, to be added to the term of imprisonment [for the underlying conviction].

At that time, the term "substance offense" was defined as "a Class A misdemeanor or a felony in which the possession, use, abuse, delivery, transportation, or manufacture of alcohol or drugs is a material element of the crime." Ind.Code § 35–50–2–10(a)(2).

King pled guilty to OWI as a Class A misdemeanor under Indiana Code section 9–30–5–2(b). He points out that in 1996, Indiana Code section 35–50–2–10(a)(2) was amended by adding the language that the term "substance offense" included "an offense under IC 9–30–5 ... ." King contends that the addition of this language suggests that prior to 1996, offenses under Indiana Code chapter 9–30–5, such as OWI, were not a "substance offense" under Indiana Code section 35–50–2–10. Because his OWI convictions were all before 1996, they were not substance offenses and could not be used as predicate offenses for an habitual substance offender determination. Therefore, King argues that his habitual substance offender finding should be vacated.

King contends that *Settle* supports his position. In that case, Settle drove his car off the road in 1995. When police arrived on the scene, they detected the odor of alcoholic beverages on Settle. The State charged Settle with OWI as a Class D felony under Indiana Code section 9–30–5–3, due to a prior conviction for OWI in the preceding five years. The State also alleged that Settle was an habitual substance offender. One of the predicate offenses supporting that allegation was the same prior OWI conviction used to enhance the underlying OWI charge to a Class D felony. Settle was found guilty, and the trial court sentenced him to three years for the Class D felony OWI conviction and enhanced that sentence by eight years due to his status as an habitual substance offender.

On appeal, Settle argued that the trial court erred in enhancing his sentence under the habitual substance offender statute when it had already been enhanced to a Class D felony under Indiana Code section 9–30–5–3. We began by noting that the habitual substance offender statute in effect in 1995, which did not specifically state that offenses under Indiana Code chapter 9–30–5 are a "substance offense," governed Settle's sentencing. *Settle*, 709 N.E.2d at 35. We noted that our supreme court had "interpreted the version of IC 35–50–2–10 in effect in 1995, and determined that the habitual substance offender statute does not apply when the punishment for the underlying OWI has been increased on the basis of a prior OWI." *Id.* at 36. We held that

under the version of IC 35–50–2–10 in effect at the time Settle committed the

underlying offense, Settle's sentence can only be enhanced under IC 9–30–5–3. Thus, the trial court erred by also enhancing Settle's sentence under IC 35–50–2–10.

*Id.* We reversed the trial court and remanded with instructions to vacate Settle's eight-year habitual substance offender enhancement. *Id.*

*Settle* is distinguishable. In *Settle,* we held that the trial court erred in enhancing Settle's sentence under both Indiana Code section 9–30–5–3 and Indiana Code section 35–50–2–10, the habitual substance offender statute. King concedes that his sentence was only enhanced under the habitual substance offender statute, and thus, unlike *Settle,* King was not subject to a double enhancement of his OWI conviction. *Settle* does not address the question presented here, which is whether OWI was a "substance offense" under the version of the habitual substance offender statute in effect when King committed the underlying offense in 1993.

As previously noted, when King committed Class A misdemeanor OWI in 1993, the term "substance offense" was defined as "a Class A misdemeanor or a felony in which the possession, use, abuse, delivery, transportation, or manufacture of alcohol or drugs is a material element of the crime." Ind.Code § 35–50–2–10(a)(2). King pled guilty to Class A misdemeanor OWI under Indiana Code section 9–30–5–2, which states:

(a) Except as provided in subsection (b), a person who operates a vehicle while intoxicated commits a Class C misdemeanor.

(b) An offense described in subsection (a) is a Class A misdemeanor if the person operates a vehicle in a manner that endangers a person.

Based on the elements of the crime, Class A misdemeanor OWI was an offense that involved the use or abuse of alcohol, and therefore, was a "substance offense" under Indiana Code section 35–50–2–10 when King was arrested in 1993.

A statement made by our supreme court in *Freeman v. State,* 658 N.E.2d 68 (Ind. 1995), supports this conclusion. In that case, the court was asked to consider whether the trial court subjected Freeman to double enhancement of his OWI conviction when it relied on an habitual substance offender determination to enhance his sentence. Freeman was arrested in 1989. The habitual substance offender statute in effect at that time defined "substance offense" as any "Class A misdemeanor or Class D felony in which the possession, use, abuse, delivery, transportation, or manufacture of alcohol or drugs is a material element of the crime." Ind. Code § 35–50–2–10(a) (1986). The court stated, "Based on the plain language of this statute, one who commits three unrelated substance offenses, such as operating a vehicle while intoxicated, is a habitual substance offender whose sentence the court may enhance." *Freeman,* 658 N.E.2d at 70. *Freeman* is instructive because the definition of "substance offense" considered in that case is substantially similar to the statutory definition of that term at issue here. *Freeman* indicates that at the time King committed Class A misdemeanor OWI, that offense was a "substance offense" under Indiana Code section 35–50–2–10, and could be used as a predicate offense for an habitual substance offender determination.

Additionally, the courts of this state have upheld the use of an habitual substance offender finding to enhance a sentence where the predicate substance offenses supporting the habitual substance offender determination were convictions for OWI. *See Butler v. State,* 658 N.E.2d 72, 78 (Ind.1995) (upholding habitual sub-

stance offender determination where predicate offenses were two prior convictions for OWI); *Morphew v. State,* 672 N.E.2d 461, 467 (Ind.Ct.App.1996), *trans. denied* (upholding use of habitual substance offender finding to enhance defendant's sentence where the predicate offenses for that finding were two prior convictions for OWI).

However, if, as we conclude, an OWI conviction was a "substance offense" prior to 1996, why did our legislature amend Indiana Code section 35–50–2–10 in 1996 to specifically state that the term "substance offense" included "an offense under IC 9–30–5"? We addressed this question in *Weida v. State,* 693 N.E.2d 598 (Ind.Ct. App.1998), *trans. denied.* We determined that our legislature's amendment of Indiana Code section 35–50–2–10 was in response to our supreme court's opinion in *Freeman.* In that case, our supreme court held that an individual convicted of OWI could not be punished under both Indiana Code section 9–30–5–3 and the habitual substance offender statute, Indiana Code section 35–50–2–10. *Freeman,* 658 N.E.2d at 70. We concluded that the 1996 amendment of Indiana Code section 35–50–2–10 reflected our legislature's intent that the double enhancement of a defendant's OWI sentence under both Indiana Code section 9–30–5–3 and the habitual substance offender statute was proper. *Weida,* 693 N.E.2d at 601; *see also Roberts v. State,* 725 N.E.2d 441, 445 (Ind.Ct.App.2000), *trans. denied* ("[W]e are convinced that the language of IC § 35–50–2–10, as amended, reflects the General Assembly's intent that double enhancements are appropriate."). The 1996 amendment of Indiana Code section 35–50–2–10 then was done by our legislature to express its approval of the double enhancement of a defendant's OWI sentence, and not because it believed an OWI conviction was

not a "substance offense" under the habitual substance offender statute.

Thus, we conclude that in 1993 when King committed Class A misdemeanor OWI, that offense was a "substance offense" under Indiana Code section 35–50–2–10(a)(2) and could be used as a predicate offense to support an habitual substance offender determination. The trial court's use of the habitual substance offender finding to enhance King's sentence was proper. Therefore, the post-conviction court properly denied King's petition for post-conviction relief.

### Conclusion

At the time King committed Class A misdemeanor OWI, that offense was a "substance offense" under Indiana Code section 35–50–2–10 and could be used as a predicate offense to support an habitual substance offender determination. The post-conviction court therefore properly denied King's petition for post-conviction relief.

Affirmed.

VAIDIK and MATHIAS, JJ., concur.