**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JUSTIN R. WALL**
Wall Legal Services
Huntington, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CHANDRA K. HEIN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| KENNETH E. ELTZROTH, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 85A02-1306-CR-571 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WABASH CIRCUIT COURT
The Honorable Robert R. McCallen III, Judge
Cause No. 85C01-1207-FB-637

**March 31, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Kenneth Eltzroth appeals his conviction of Class B felony dealing in a controlled substance.[1] He alleges the State committed prosecutorial misconduct during closing argument, the trial court improperly tried Eltzroth *in absentia*, and his sentence is inappropriate. We affirm.

## FACTS AND PROCEDURAL HISTORY

On May 9, 2012, Eltzroth contacted a confidential informant with the Wabash City Drug Task Force and asked if that informant would like to buy some hydrocodone pills. The informant agreed to buy the pills from Eltzroth and arranged a time to meet later that day. The informant then contacted Sergeant Matt Rebholz with the Wabash Drug Task Force. Officers installed surveillance equipment in the informant's vehicle and on his person. The informant met with Eltzroth at a Dollar General, while three detectives observed from a separate vehicle. The informant entered Eltzroth's vehicle, where Eltzroth handed the informant a bag of twenty-one hydrocodone pills and the informant handed Eltzroth one hundred dollars that he had received from the Drug Task Force. Both men then left in their respective vehicles. The informant met the officers afterward and gave them the pills, which a pharmacist identified as hydrocodone.

Eltzroth was charged with Class B felony dealing in a schedule I, II, or III controlled substance and with being an habitual substance offender.[2] At a status hearing on March 25, 2013, the trial court informed Eltzroth his trial was scheduled for April 23, 2013, and then

---

[1] Indiana Code § 35-48-4-2(a)(1).
[2] Indiana Code § 35-50-2-8(b)(3)(iii).

released Eltzroth on his own recognizance. Eltzroth did not appear for his trial. The trial court delayed the trial, issued a warrant, and sent a police officer to Eltzroth's last known address. Eltzroth was not there, but his mother was. She indicated she did not know where her son was and she had not seen him for at least forty-eight hours. The trial court found that Eltzroth had knowingly and voluntarily waived his right to be present and proceeded to try him *in absentia* that same day. On April 24, 2013, Eltzroth was convicted of the dealing charge and found to be an habitual offender.

On May 14, 2013, police apprehended Eltzroth at his cousin's residence in another county. Thirty officers surrounded the house for two-and-a-half hours trying to get Eltzroth to come out. Eventually they forced him out with a flash bang and gas.[3]

On May 30, 2013, Eltzroth filed a motion to vacate judgment of conviction, alleging he did not knowingly and voluntarily waive his right to be present at trial. At a hearing, Eltzroth claimed he did not attend his trial because he became ill with undiagnosed ulcers. Eltzroth testified that he knew when his trial date was and that he did not attempt to call his attorney or the courthouse. He further testified that his mother informed him that the police were looking for him and he went to his cousin's house because he was scared. The trial court denied Eltzroth's motion to vacate and on June 17, 2013, sentenced him to eighteen years for dealing in a controlled substance, enhanced by six years for being an habitual substance offender.

---

[3] A flash bang is a device designed to disorient a person by emitting blinding light and deafening sound.

**DISCUSSION AND DECISION**

    1.    <u>Prosecutorial Misconduct</u>

In reviewing for a properly preserved claim of prosecutorial misconduct, we first determine whether the prosecutor engaged in misconduct, and if so, we then determine whether the misconduct, under all of the circumstances, placed the defendant in a position of grave peril to which he or she would not have been otherwise subjected. *Castillo v. State*, 974 N.E.2d 458, 468 (Ind. 2012). Whether a prosecutor's argument constitutes misconduct is measured by reference to case law and the Rules of Professional Conduct. *Cooper v. State*, 854 N.E.2d 831, 835 (Ind. 2006). The gravity of the peril is measured by the probable persuasive effect of the misconduct on the jury's decision rather than the degree of impropriety of the conduct. *Id.*

Eltzroth claims the State engaged in prosecutorial misconduct when it made the following statement in closing argument:

> We have a drug problem in this county because of people like Kenneth Eltzroth. If there aren't people like Kenneth Eltzroth in this town selling these medications, we would greatly reduce the drug issues that we have in this county. He's out selling these things, profiting from it, and people are using and abusing these medications. Just because you somehow come into possession of these medications, doesn't give you the right to go out and do whatever you want with it. Go out and sell it or whatever you want to do. He's helping fuel the drug issues that we have in this county. He has zero right to. He's not a pharmacist. He's not a doctor. He can't just go out and sell these medications whenever he wants. It's against the law. We're asking that you hold him responsible for that, because if you don't, nobody will. This is one person, one drug case. But it's a start. Convict Kenneth Eltzroth for dealing in these drugs because he broke the law.

(Tr. at 233). To preserve a claim of prosecutorial misconduct, the defendant must ask the

4

trial court, at the time the misconduct occurs, to admonish the jury or must move for a mistrial if the admonition is inadequate. *Castillo*, 974 N.E.2d at 468. Failure to request an admonition or a mistrial waives the claim, unless the defendant can demonstrate that the misconduct rises to the level of fundamental error. *Id.* Because he did not object, Eltzroth waived his claim unless he can establish that the State's closing argument amounted to fundamental error.

Fundamental error is a narrow exception intended to place a heavy burden on the defendant. *Id.* For a claim of prosecutorial misconduct to rise to the level of fundamental error, it must make a fair trial impossible or constitute clearly blatant violations of basic and elementary principles of due process and present an undeniable and substantial potential for harm. *Booher v. State*, 773 N.E.2d 814, 817 (Ind. 2002). Eltzroth has not demonstrated that the statement made a fair trial impossible or presented an undeniable and substantial potential for harm. The evidence of Eltzroth's guilt was overwhelming. The informant's testimony, combined with the testimony of three officers from the Drug Task Force and the multiple audio and video recordings showing Eltzroth selling the drugs to the informant, meant that the possible impact of the prosecutor's statement was minimal. Due to Eltzroth's failure to demonstrate that the State's closing argument rose to the level of fundamental error, no reversible error occurred. *See Cooper*, 854 N.E.2d at 838 (holding prosecutor's remark in light of the evidence did not rise to level of fundamental error).

2.      Trial *in Absentia*

Both the United States and Indiana Constitutions afford defendants in a criminal

5

proceeding the right to be present at all stages of their trial. *Jackson v. State*, 868 N.E.2d 494, 498 (Ind. 2007). However, a defendant may be tried *in absentia* if the trial court determines he knowingly and voluntarily waived that right. *Id.*

> When a defendant fails to appear for trial and fails to notify the trial court or provide it with an explanation of his absence, the trial court may conclude the defendant's absence is knowing and voluntary and proceed with trial when there is evidence that the defendant knew of his scheduled trial date.

*Id.* (quoting *Freeman v. State*, 541 N.E.2d 533, 535 (Ind. 1989)). However, a defendant who has been tried *in absentia* must be afforded an opportunity to explain his absence and thereby rebut the initial presumption of waiver. *Soliz v. State*, 832 N.E.2d 1022, 1029 (Ind. Ct. App. 2005), *trans. denied*. Eltzroth testified he knew about his trial date, but he became ill with undiagnosed ulcers. Eltzroth did not seek medical attention of any kind, nor did he contact his attorney or the court to inform them of his illness. After he was convicted, Eltzroth fled the county and evaded police at his cousin's house. Once police found him, Eltzroth refused to leave the house for over two hours and exited only after police forced him out. We find no error in the trial court's determination that Eltzroth voluntarily and knowingly waived his right to be present at trial. *See Gillespie v. State*, 643 N.E. 2d 862 (Ind. 1994), *trans. denied* (absence from trial and continued absence for sentencing was voluntary and knowing waiver of right to be present at sentencing where judge informed Gillespie of trial date).

### 3. Inappropriate Sentence

We may revise a sentence authorized by statute only if, after due consideration of the trial court's decision, we find the sentence inappropriate in light of the nature of the offense

6

and the character of the offender. Ind. Appellate Rule 7(B). The question is not whether another sentence is more appropriate, but whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). The defendant has the burden of persuading this Court that his sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006).

Although Eltzroth frames his argument as one regarding the appropriateness of his sentence, he provides no argument concerning his character or offense. Eltzroth acknowledges the severity of his crimes and his past criminal history are such that they do not directly support a reduction in his sentence. Instead, Eltzroth argues his sentence should be shortened due to changes to the sentencing statutes that are scheduled to take effect on July 1, 2014. As the statute in effect at the time of the offense is the statutory basis for sentencing, *Settle v. State*, 709 N.E. 2d 34, 35 (Ind. Ct. App. 1999), we cannot find his sentence inappropriate on that basis. Nor may we find it inappropriate in light of his character or offense, as Eltzroth presented no argument on those matters. *See Cooper v. State*, 854 N.E.2d 831, 834 (Ind. 2006) (argument waived for failure to cite authority or provide cogent argument).

## CONCLUSION

Eltzroth failed to demonstrate that the State's closing argument rose to the level of fundamental error, he knowingly and voluntarily waived his right to be present at trial, and he waived his argument to an inappropriate sentence under Appellate Rule 7(B). Accordingly, we affirm.

Affirmed.

VAIDIK, C.J., and RILEY, J., concur.