Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 18 2014, 8:15 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**DONALD E. C. LEICHT**
Kokomo, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RON PETTY, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 34A04-1406-CR-279 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE HOWARD SUPERIOR COURT 1
The Honorable William C. Menges, Judge
Cause No. 34D01-1404-FD-241

**December 18, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**MATHIAS, Judge**

Ron Petty ("Petty") pleaded guilty in Howard Superior Court to Class D felony domestic battery and was sentenced to three years executed. Petty appeals and claims that the trial court abused its discretion in sentencing him.

We affirm.

**Facts and Procedural History**

On April 4, 2014, Petty attacked his wife, A.P., and threw her to the ground. He also punched and kicked her in the presence of their two children, nine-year-old P.P. and four-year-old T.P. As a result, the State charged Petty with Class C felony domestic battery in the presence of a minor. See Ind. Code § 35-42-2-1.3(b)(2) (2012).[1] Petty, acting *pro se*, pleaded guilty on May 1, 2014.

At the sentencing hearing held on May 28, 2014, Petty, again acting *pro se*, informed the trial court that he had no corrections to make to the pre-sentence investigation report ("PSI"), and proffered no evidence. He did make the following statement to the trial court regarding the court's sentencing decision:

> I would like to see, can I get an opportunity to be on the community corrections program? I had stayed on parole for two years and never violated, also did probation, never violated, and also was on CTP[2] and I haven't had a felony since 2006.

Tr. p. 18. The trial court found Petty's prior criminal history as an aggravating factor, found no mitigating factors, and sentenced Petty to three years executed. On June 3,

---

[1] Because Petty committed his offense prior to the effective date of the revised criminal code, we apply the version of the statute in effect at the time of the offense. See Alexander v. State, 13 N.E.3d 917, 918 (Ind. Ct. App. 2014) (applying prior version of aggravated battery statute to crime committed before revision of criminal code); Settle v. State, 709 N.E.2d 34, 35 (Ind. Ct. App. 1999) ("Generally, the statute in effect at the time of the offense is the statutory basis for sentencing.").

[2] Neither the parties nor the record explain what "CTP" stands for.

2014, Petty requested the appointment of appellate counsel. The trial court granted this request, and Petty now appeals.

## Discussion and Decision

Petty claims that the trial court abused its discretion in sentencing him. Sentencing decisions are left to the sound discretion of the trial court, and we review the trial court's decision only for an abuse of this discretion. Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007), clarified on reh'g, 875 N.E.2d 218. An abuse of discretion occurs if the decision is clearly against the logic and effect of the facts and circumstances before the trial court. Id. The trial court may abuse its discretion in sentencing in a number of ways, including: (1) wholly failing to enter a sentencing statement, (2) entering a sentencing statement that explains reasons for imposing the sentence but the record does not support the reasons, (3) the sentencing statement omits reasons that are clearly supported by the record and advanced for consideration, or (4) the reasons given in the sentencing statement are improper as a matter of law. Kimbrough v. State, 979 N.E.2d 625, 628 (Ind. 2012) (citing Anglemyer, 868 N.E.2d at 490-91).

Here, Petty claims that the trial court abused its discretion by failing to consider the mitigating factors he presented to the trial court, i.e., that he had not violated his parole or probation in the past and was therefore a good candidate for community corrections, and that he had not been convicted of a felony since 2006. But the trial court did not have to credit Petty's unsworn statements at the sentencing hearing regarding his successful completion of parole and probation. In fact, as noted by the State, the PSI indicates that Petty had his probation revoked in one prior case and that he failed to report

3

to his probation officer after having been released on his own recognizance while awaiting sentencing in another case. In this latter case, Petty was later found in Alabama using his brother's identity. Although Petty has not had a felony conviction since 2006, in that time he has been convicted of two misdemeanor convictions for driving while suspended. Accordingly, we cannot say that the trial court abused its discretion in failing to consider as mitigating the factors mentioned by Petty at the sentencing hearing.

Petty also sets forth our standard of review of sentences under Appellate Rule 7(B), but he makes no separate argument that his sentence is inappropriate in light of the nature of the offense and the character of the offender. Even if he did, however, he would not prevail. The nature of his offense is that he punched and kicked his wife in the presence of very young children. Also, Petty's criminal history, which dates back to 1991, does not reflect well on his character. Petty's criminal history includes convictions in Alabama for unlawful breaking and entering an automobile and drug possession. He was also convicted in Indiana of Class D felony resisting law enforcement, Class A misdemeanor operating a vehicle while intoxicated, three separate incidents of Class A misdemeanor driving while suspended, Class C felony robbery, and Class C felony criminal confinement. As noted above, Petty has also had his probation revoked and failed to report to his probation officer while released on his own recognizance while awaiting sentencing. Under these facts and circumstances, we cannot say that Petty's sentence is inappropriate in light of the nature of the offense and the character of the offender.

Affirmed.

NAJAM, J., and BRADFORD, J., concur.